UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL R. LOVELESS and MARY ELLEN HENNINGS, | : : : | CIVIL NO: 3:13-CV-01546 |
| | : | (Judge Caputo) |
| Plaintiff | : : | (Magistrate Judge Schwab) |
| v. | : : | |
| BANK OF AMERICA, N.A., *et al.*, | : : | |
| Defendants | : : | |

**REPORT AND RECOMMENDATION**

**I. Introduction.**

The claims of the plaintiffs, Russell R. Loveless and Mary Ellen Hennings, relate to a mortgage on their property. Loveless filed a motion seeking a preliminary injunction barring Bank of America from trespassing on the property. For the reasons set forth below, I recommend that the motion for a preliminary injunction be denied.

**II. Background and Procedural History.**

The plaintiffs began this action by filing a complaint in June of 2013. At that time they were represented by counsel, Anthony J. Moses, Esquire. The defendants filed a motion to dismiss the complaint, and the plaintiffs sought an extension of time to respond to that motion asserting that they could not reach

Moses, that Moses closed his office, and that his phone numbers had been disconnected.  The Court granted the plaintiffs an extension of time to respond to the motion, and it ordered that they obtain new counsel or proceed *pro se*.  The plaintiffs subsequently filed an amended complaint *pro se*.

    The defendants filed a motion to dismiss the amended complaint, and the court granted that motion in part and denied that motion in part.  The Court further granted the plaintiffs leave to file a second amended complaint, and the plaintiffs filed a second amended complaint on September 30, 2014.  The second amended complaint names five defendants: (1) Bank of America, N.A.; (2) BAC Home Loans Servicing, LP; (3) MERS Corp., Inc.; (4) Mortgage Electronic Registration Systems, Inc.; and (5) the Federal National Mortgage Association (Fannie Mae).  The plaintiffs claim that the defendants failed to timely pay taxes from a mortgage-escrow account in violation of the terms of a mortgage.  They also claim that the defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*,   The plaintiffs further present a claim titled as a "Quite Title Action."

    On July 23, 2014, Loveless filed a motion titled "Motion for Order to Cease and Desist" in which he states that a contractor for Bank of America trespassed on his property for the purpose of repairing pipes on the property.  Loveless contends that the property is not owned by or under the control of Bank or America, and he

requests that the Court order Bank of America to cease and desist from trespassing on his property. Construing that motion as a motion for a preliminary injunction, we ordered Loveless to file a brief in support of his motion. Loveless filed his brief asserting that Bank of America has sent various contractors to the property to perform various services. He asserts that on one occasion Bank of America changed the locks on doors, thus barring access by the plaintiffs. He also asserts that Bank of America contractors removed personal property from the house without consent and performed landscaping services on the property without consent.

Bank of America and BAC Home Loans Servicing, LP filed a brief in opposition to the motion for a preliminary injunction in which they state that, in accordance with the mortgage, they have the right to enter the property and take measures to secure and protect the property when the mortgagors are in default, as in this case. They also assert that the plaintiffs have not suffered irreparable harm as their alleged injuries can readily be compensated with money. Finally, and most importantly, they state that they have instructed their contractors not to enter the property any more.

Loveless filed a reply brief, which focuses on the argument that the defendants breached the mortgage and therefore do not have a right to enter the property.

**III. Discussion.**

A motion for a preliminary injunction is governed by Rule 65 of the Federal Rules of Civil Procedure and is judged against exacting legal standards. A preliminary injunction is not granted as a matter of right. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). Rather, "[p]reliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014)(quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharm. Co.,* 290 F.3d 578, 586 (3d Cir. 2002)(quotation marks omitted)). A "preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

"A party seeking a preliminary injunction must satisfy the traditional four-factor test: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Miller v. Mitchell,* 598 F.3d 139, 147 (3d Cir. 2010). "The 'failure to establish any element . . . renders a preliminary injunction inappropriate.'" *Ferring*

*Pharm,* 765 F.3d at 210 (quoting *NutraSweet Co. v. Vit–Mar Enters., Inc.,* 176 F.3d 151, 153 (3d Cir. 1999)). The party seeking a preliminary injunction "bears the burden of showing that these four factors weigh in favor of granting the injunction." *Id.*

Judged against these exacting standards, Loveless's motion for a preliminary injunction fails. Loveless cannot show that he will be irreparably injured if a preliminary injunction is not granted. To establish irreparable injury, "the moving party must establish that the harm is imminent and probable." *Stilp v. Contino*, 629 F. Supp. 2d 449, 466 (M.D. Pa. 2009). "The mere risk of injury is not sufficient to meet this standard." *Id.* And the burden of showing irreparable injury "is not an easy burden" to meet. *Moore v. Mann*, 3:CV-13-2771, 2014 WL 3893903, at *2 (M.D. Pa. Aug. 7, 2014). Given Bank of America's assertion that it has directed its contractors to cease entering the property, Loveless cannot show irreparable injury. Thus, he is not entitled to a preliminary injunction.

**IV. Recommendations.**

Accordingly, for the foregoing reasons, it is recommended that Loveless's motion (doc. 29) for a preliminary injunction be denied and that the case be remanded to the undersigned for further proceedings.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of October, 2014.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
