**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RUSSELL LOVELESS and MARY ELLEN HENNINGS,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-13-1546<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE SCHWAB) |

## **MEMORANDUM**

Presently before me is Magistrate Judge Schwab's Report and Recommendation (Doc. 51) to Defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, LP ("BAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), MERSCORP, Inc. ("MERSCORP"), and Federal National Mortgage Association's ("Fannie Mae") (collectively, "Defendants") Motion to Dismiss Plaintiffs' Second Amended Complaint. (Doc. 39.) Magistrate Judge Schwab recommends that the motion to dismiss be granted in part and denied in part. Specifically, Magistrate Judge Schwab recommends:

> that all claims against MERS Corp. be dismissed; that all breach-of-contract claims be dismissed except the breach-of-contract claim against Bank of America and BAC based on the failure to pay the taxes; that all FDCPA claims by Hennings be dismissed except the claim based on contractors entering the property, changing the locks, and removing personal property; and that the quiet-title claim be dismissed to the extent that the plaintiffs are seeking to have the mortgage and/or note declared invalid because transfers were not recorded. It is recommended that the motion to dismiss be otherwise denied.

(Doc. 51, 23-24.) Bank of America, BAC, MERS, and Fannie Mae (collectively, "Objecting Defendants")[1] object to Magistrate Judge Shwab's recommendation to allow Plaintiffs to proceed with their quiet title claim. (Doc. 52.) For the reasons that follow, the Report and Recommendation will be adopted in part and rejected in part, and the motion to dismiss will be granted in part and denied in part.

---

[1] As dismissal of all claims are recommended against MERSCORP, it has not filed objections to the Report and Recommendation. (Doc. 52, n.2.)

**I. Background**

Plaintiffs Russell Loveless ("Loveless") and Mary Ellen Hennings ("Hennings") (collectively, Plaintiffs) commenced this action in June 2013. (Doc. 1.) Plaintiffs subsequently filed an amended complaint on January 21, 2014. (Doc. 15.) Defendants moved to dismiss the amended complaint, and the motion to dismiss was granted in part and denied in part, but Plaintiffs were given leave to file a second amended complaint. (Docs. 19; 32; 36.)

Plaintiffs filed the Second Amended Complaint on September 30, 2014. (Doc. 37.) In the Second Amended Complaint, Plaintiffs assert claims for breach of contract (Count I), violation of the Fair Debt Collection Practices Act (Count II), and to quiet title (Count III).[2] Defendants moved to dismiss the Second Amended Complaint on October 17, 2014. (Doc. 39.)

Magistrate Judge Schwab issued the instant Report and Recommendation on June 10, 2015. (Doc. 51.) In recommending that the motion to dismiss be granted in part and denied in part, Magistrate Judge Schwab recommends that: (1) all claims against MERSCORP be dismissed; (2) the breach of contract claims be dismissed except the breach of contract claim against Bank of America and BAC based on the failure to pay taxes; (3) that all FDCPA claims by Hennings be dismissed except the claim based on contractors entering the property, changing the locks, and removing personal property; and (4) that the quiet title claim be dismissed to the extent that the plaintiffs are seeking to have the mortgage and/or note declared invalid because the transfers were not recorded. (*Id*. at 23-24.) Magistrate Judge Schwab recommends that the motion to dismiss be denied in all other respects.

---

[2] The allegations in the Second Amended Complaint are set forth in detail in the Report and Recommendation and will not be repeated at length herein.

Defendants Bank of America, BAC, MERS, and Fannie Mae filed a timely objection to the Report and Recommendation on June 29, 2015. (Doc. 52.) Specifically, they object to Magistrate Judge Schwab's recommendation that Plaintiffs be permitted to proceed with their quiet title claim. Plaintiffs filed a brief in opposition to the objection on July 17, 2015 (Doc. 53), and Objecting Defendants filed a reply brief in further support of their objections on July 27, 2015. (Doc. 54.) On August 7, 2015, Defendants filed a Notice of Supplemental Authority. (Doc. 55.) The Report and Recommendation and Objecting Defendants objections thereto are now ripe for review.

## II. Legal Standard

Where objections to a magistrate judge's R & R are filed, the Court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

In conducting a *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## III. Discussion

In the Report and Recommendation, Magistrate Judge Schwab sets forth her

3

reasoning for recommending that Defendants' motion to dismiss be granted in part and denied in part. The majority of the Report and Recommendation has not been objected to, and finding those portions of the Report and Recommendation not clearly erroneous, they will be adopted. However, Defendants Bank of America, BAC, MERS, and Fannie Mae object to Magistrate Judge Schwab's recommendation to allow the quiet title claim to proceed in this action, and that portion of the Report and Recommendation will therefore be reviewed *de novo*.

With respect to the quiet title claim in Count III of the Second Amended Complaint, Plaintiffs seek "declaratory relief to remove the encumbrances from the Public record." (Doc. 37, ¶ 85.) According to Plaintiffs, they executed a mortgage security instrument on May 11, 2007 naming MERS as mortgagee, acting solely as nominee, and Countrywide Bank, FSB, a predecessor of Bank of America, as the lender. (*Id*. at ¶¶ 16-19.) MERS, as nominee for Countrywide Bank, FSB, assigned and transferred the mortgage to Countrywide Home Loans Servicing, L.P. on April 28, 2009. (*Id*. at ¶ 31, Ex. C.) Yet, Fannie Mae has claimed to own a "mortgage loan" on the property since "10 days prior to the origination of the mortgage contract" despite having failed to record any instrument establishing such ownership. (*Id*. at ¶ 77-79.) Plaintiffs assert that by failing to comply with the requirements of 21 P.S. § 351, Fannie Mae has corrupted the chain of title to Plaintiffs' property. (*Id*. at ¶ 79.) Plaintiffs further allege that MERS' failure to record note assignments among its members violates § 351 and corrupts the title to their property because "the promissory note and mortgage are inseparable and an assignment of mortgage along with the note assignment constitutes a recordable conveyance of land." (*Id*. at ¶ 80.) Additionally, Plaintiffs contend that Bank of America and BAC have claimed to own the note and mortgage by relying on unrecorded documents to substantiate their claim to ownership of the note mortgage and note. (*Id*. at ¶ 83.) These actions, Plaintiffs assert, have made the

property unmarketable by corrupting the chain of title. (*Id*. at ¶ 84.)

In considering the motion to dismiss the quiet title claim, Magistrate Judge Schwab agreed with Defendants that "non-recording does not void the plaintiff's obligations under the mortgage." (Doc. 51, 20.) Thus, Magistrate Judge Schwab recommends that the quiet title claim be dismissed "to the extent that the plaintiffs are seeking to have the mortgage and/or note declared invalid." (*Id*.) However, Magistrate Judge Schwab noted that the quiet title claim in the Second Amended Complaint could "be construed more narrowly as seeking to determine what mortgage or mortgages are in place against the property and who holds the mortgage or mortgages . . . ." (*Id*. at 20-21.) And, finding that Plaintiffs cited Pennsylvania Rule of Civil Procedure 1061(b)(3) in the Second Amended Complaint, Magistrate Judge Schwab recommends that the claim be allowed to proceed "given that the plaintiffs have alleged that more than one of the defendants have claimed to own the mortgage at the same time." (*Id*. at 21.)

Objecting Defendants contend that Magistrate Judge Schwab erred in recommending that Plaintiffs be permitted to proceed with the quiet title claim. Specifically, Objecting Defendants assert that: (1) Plaintiffs' quiet title claim cannot survive to the extent it is based entirely on alleged violations of 21 P.S. § 351, (Doc. 52, 12); (2) MERS is not a proper defendant to the quiet title claim, (*id*. at 9-10); and (3) Plaintiffs fail to raise a dispute over title to sustain a quiet title action. (*Id*. at 6-9.)

First, pursuant to the Third Circuit's recent decision in *Montgomery County v. MERSCORP Inc.,* 795 F.3d 372 (3d Cir. 2015), Plaintiffs are unable to state a claim based on Defendants' alleged violations of 21 P.S. § 351.[3] As the Third Circuit stated in

---

³  Section 351 provides:

> All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain,

*Montgomery County*, "§ 351 does not impose a duty to record all land conveyances." *Id*. at 376. Rather, the "shall be recorded" language in the statute, "when read in context, indicates not that every conveyance must be recorded, but only that conveyances must be recorded in the county where the property is situated in order to preserve the property holder's rights as against a subsequent bona fide purchaser." *Id*. Therefore, because § 351 imposes no duty to record all land conveyances, Plaintiffs cannot state a claim premised on that statute. *See id*. at 378.[4]

Regarding Objecting Defendants second objection, I agree that Plaintiffs fail to state a quiet title claim against MERS. According to the allegations in the Second Amended

---

>   sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages.

21 P.S. § 351.

[4]   The District Court in *Montgomery County* "construed the pleadings to raise [a quiet title claim] without express invocation." *Montgomery Cnty.*, 795 F.3d at 374 n.2. The Third Circuit did not determine whether the District Court acted properly in so doing. *See id*. Rather, the Third Circuit emphasized that the plaintiff in that case, the Recorder of Deeds for Montgomery County, could not maintain a quiet title claim because she claimed "only an interest in recording fees" and not "an interest in land." *Id*.

Complaint, MERS, as nominee for Countrywide Bank, FSB, assigned the mortgage to Countrywide Home Loans Servicing, L.P. in April 2009. (Doc. 37, ¶¶ 31, 82.) Plaintiffs do not otherwise allege that MERS has asserted any interest in Plaintiffs' property, the mortgage, or the promissory note. As such, the quiet title claim against MERS will be dismissed with prejudice.

However, I will adopt Magistrate Judge Schwab's recommendation to allow Plaintiffs to proceed with their quiet title claim against Bank of America, BAC, and Fannie Mae. In the Second Amended Complaint, as noted by Magistrate Judge Schwab, Plaintiffs quote from Pa. R. Civ. P. 1061.[5] That rule provides, in pertinent part, that:

> (b) The [quiet title] action may be brought
>
> . . . .
>
>     (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; . . .

Pa. R. Civ. P. 1061(b)(3). The remedies available to a prevailing plaintiff in a quiet title action are set forth in Rule 1066, which states in part:

> (b) Upon granting relief to the plaintiff, the court
>
> . . . .
>
>     (3) shall enter a final judgment ordering the defendant, the prothonotary, or the recorder of deeds to file, record, cancel, surrender or satisfy of record, as the case may be, any plan, document, obligation or deed determined to be valid, invalid, satisfied or discharged, and to execute and deliver any document, obligation or deed necessary to make the order effective; . . .

Pa. R. Civ. P. 1066(b)(3).

Plaintiffs quiet title claim against Bank of America, BAC, and Fannie Mae will not be

---

[5] Plaintiffs in this case are proceeding without counsel. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quotations, citations, and internal citation omitted).

dismissed. Here, Plaintiffs allege that Bank of America, BAC, and Fannie Mae have all claimed to hold Plaintiffs' mortgage and have an interest in the subject property. Based on the allegations in the Second Amended Complaint, and considering the quiet title claim as narrowed by Magistrate Judge Schwab, Plaintiffs have pled sufficient facts to allow them to proceed on their quiet title claim in accordance with Rule 1061(b)(3), as they seek to have these defendants file, record, or admit any document or obligation affecting any right or interest in the property at issue. Magistrate Judge Schwab's recommendation to allow the quiet title claim to proceed against Bank of America, BAC, and Fannie Mae will be adopted, and Defendants' motion to dismiss the quiet title claim as to those defendants will be denied.

## IV. Conclusion

For the above stated reasons, Magistrate Judge Schwab's Report and Recommendation will be adopted in part and rejected in part. The recommendation to allow Plaintiffs to proceed with a quiet title claim against MERS will be rejected, and the quiet title claim against MERS will be dismissed with prejudice. Magistrate Judge Schwab's recommendations will otherwise be adopted.

An appropriate order follows.

September 24, 2015  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge